UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-CR-00150-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DARNELL GIVENS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on defendant's second pro se Motion for Early Termination of Supervision. Earlier, this Court denied the first motion because defendant did not reflect in his motion whether his supervising officer concurred in his request. While the instant motion does a better job of listing his accomplishments and identifying his supervising officers, the motion again fails to reflect whether his supervising officer concurs in the request.

As defendant is on courtesy supervision in the District of South Carolina without a transfer of jurisdiction under § 3605, the Court has reached out to both of defendant's supervising officers. USPO Campbell has informed the Court that he does not concur in the request.

When considering a motion for early termination of supervised release, Title 18, United States Code, Section 3583(e)(1) provides that courts have the authority to

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). The Court must also consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Id. In conducting this review, the

1

Court has considered defendant's well-written letter,[1] the recommendation of USPO Campbell, and the Presentence Report. While defendant has certainly done very well both while incarcerated and on supervision, the Court believes that defendant and the community can continue to benefit from continued supervision. While this Court varied downward and then gave defendant a bottom of the Guidelines sentence, the nature of the offense and the underlying addiction (which likely lead to committing the offense) suggest that continued participation in supervision will be of benefit to defendant and the community.

While defendant is to be commended on his success both in programs while at BOP and on supervision, the Court believes that some additional supervision is warranted. The denial of this motion will be <u>without</u> prejudice, and the Court will give close consideration to any future request, especially if that request is accompanied by favorable recommendations from USPO Newson and USPO Campbell. The Court suggests that defendant reapply at his second anniversary of release, April 2019, which will give the Court a more complete picture of person defendant has now become and whether he has been able to maintain his sobriety over the long term. Having considered defendant's pro se motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's second pro se second Motion for Early Termination of Supervision (#43) is **DENIED** without prejudice.

Signed: December 12, 2018

Max O. Cogburn Jr
United States District Judge

---

[1] When contacted, USPO Newson confirmed the representations made in the letter.